IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff/Respondent, | § |
| | § |
| V. | § CIVIL ACTION NO. H-13-0399 |
| | § CRIMINAL ACTION NO. H0-10-0369-2 |
| | § |
| IGNACIO CERVANTEZ DIAZ, | § |
| | § |
| Defendant/Petitioner. | § |

**MEMORANDUM AND RECOMMENDATION**
**GRANTING UNITED STATES' MOTION TO DISMISS**

Before the Magistrate Judge is Defendant/Petitioner Ignacio Cervantez Diaz' "Petition Seeking Relief Pursuant [to] 28 [USC] § 2255 Pursuant to the Rehabilitation Act" (Document No. 163), and the Government's Motion to Dismiss (Document No. 169). Having considered the parties' submissions, the claims raised by Diaz, the location where Diaz is incarcerated, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the United States' Motion to Dismiss be GRANTED, and that Diaz' Petitioner's "Petition Seeking Relief Pursuant [to] 28 [USC] § 2255 Pursuant to the Rehabilitation Act," be construed as a request for relief under 28 U.S.C. § 2241, and DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

**I.   Procedural History**

Ignacio Cervantes Diaz ("Diaz:") is currently in custody of the United States Bureau of Prisons at the United States Penitentiary in Pecos, Texas. On January 28, 2011, Diaz pled guilty, pursuant to a written Plea Agreement, to one count, alleged in a superseding information, of possession with intent to distribute marijuana. (Document Nos. 54 & 55). He was thereafter sentenced, on January 13, 2012, to 108 months confinement, to be followed by a 5 year term of

supervised release. (Document No. 123). A Judgment of Conviction was entered on January 18, 2012. (Document No. 125). Diaz appealed his conviction and sentence. Both were affirmed in a decision dated March 11, 2013. *United States v. Diaz*, No. 12-20047 (5th Cir. March 11, 2013).

In his "Petition Seeking Relief Pursuant [to] 28 [USC] § 2255 Pursuant to the Rehabilitation Act" (Document No. 163), Diaz now complains that he is being denied access to certain treatment and rehabilitation programs in prison because of his status as a deportable alien. In its Motion to Dismiss, the Government argues that Diaz' claim is not cognizable in a § 2255 proceeding because he is not challenging, or seeking to set aside, his conviction or sentence. Additionally, the Government argues that because it is only with a petition filed pursuant to 28 U.S.C. § 2241, in the district of incarceration, that Diaz' claim can be considered, this proceeding should be dismissed for lack of jurisdiction. Diaz has not, to this date, filed a response to the Government's Motion to Dismiss.

**II.   Discussion**

Diaz' complaints about the availability of treatment and rehabilitation programs in prison, as part of the execution of his sentence, are complaints that go to the manner in which Diaz' sentence is being served or executed, and are therefore properly cognizable under 28 U.S.C. § 2241. *See Carvajal v. Tombone*, 31 Fed. Appx. 155 (5th Cir. 2001) (where inmate challenged "his exclusion from various community-based and drug-treatment programs due to his status as an Immigration and Naturalization Service detainee" his challenge was properly brought under § 2241, which provides for challenges to the manner in which a sentence is being executed); *see also United States v. Ovaitt*, 121 F.3d 704 (5th Cir. 1997) ("Insofar as Ovaitt is challenging the manner in which BOP is executing his sentence, his proper remedy is a 28 U.S.C. § 2241 habeas corpus petition"); *United States v. Lott*,

227 Fed. Appx. 414 (5th Cir. 2007) (federal inmate's motions, challenging "the manner in which the BOP was administering the Inmate Financial Responsibility Program" were "in the nature of 28 U.S.C. § 2241 petitions"); *see also generally United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992); *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990); *Reyes-Requena v. United States*, 243 F.3d 893, 900-901 (5th Cir. 2001) (§ 2255 provides the means for federal inmates to challenge federal convictions and sentences, while 28 U.S.C. § 2241 provides the means for inmates to challenge the manner in which their sentences are executed or served); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. . . . Section 2241 is correctly used to attack the manner in which a sentence is executed."), *cert. denied*, 534 U.S. 1001 (2001). Proceedings brought under 28 U.S.C. § 2241 must be filed in the district in which the prisoner is incarcerated. *Pack v. Yusuf*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."); *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) ("[W]e have firmly stated that the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition").

In this case, Diaz' "Petition" should and will be construed as a request for relief under 28 U.S.C. § 2241. So construed, it is subject to dismissal for lack of jurisdiction. Diaz is not incarcerated in this District – he is incarcerated in Pecos, Texas, which falls within the Western District of Texas. Because Diaz must file a § 2241 challenge to the terms and conditions of his confinement and the execution of his sentence in the District in which he is incarcerated, Diaz's claims, and this case, are subject to dismissal without prejudice for lack of jurisdiction.

### III.  Conclusion and Recommendation

Based on the foregoing, the conclusion that Diaz' "Petition" can and should be construed as a challenge to the manner Diaz' sentence is being served under 28 U.S.C. § 2241, and the fact that Diaz is not incarcerated in this District, the Magistrate Judge

RECOMMENDS that United States' Motion to Dismiss (Document No. 169) be GRANTED, and that Ignacio Cervantes Diaz' "Petition Seeking Relief Pursuant [to] 28 [USC] § 2255 Pursuant to the Rehabilitation Act" (Document No. 163) be construed as request for relief under 28 U.S.C. § 2241, and DISMISSED WITHOUT PREJUDICE for lack of jurisdiction..

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this _24th___ day of July, 2013.

_____      *Frances H. Stacy*
Frances H. Stacy
United States Magistrate Judge